[Filed January 15, 1889.]

THOMAS MONTEITH, APPELLANT, *v.* T. E. HOGG, RESPONDENT.

ASSIGNMENT BY DEBTOR — EFFECT OF ON LEGAL TITLE OF ASSIGNEE TO PROPERTY. — An assignment whereby a debtor conveys all his property for the benefit of his creditors amounts to a complete cession or surrender of his property to his creditors. It operates to vest in the assignee the legal title to the property, but the beneficial interest is in the *cestui que trust* for the creditors. He is seised for them, not for himself, and the moment he is seised the substantial interest passes out of him to them.

ID. — RESULTING TRUST AS TO THE RESIDUE OR PROCEEDS. — After the assignment the assignor has no legal or equitable rights in the assigned property until the purposes of the trust are satisfied, when a trust results in his favor in the residue, if any there should be, of the unappropriated property or its proceeds.

ASSIGNOR — EFFECT OF HIS CONTRACTS ON THE ASSIGNED PROPERTY. — Until the debts are paid and the trust fully performed, the assignor has no interest, legal or equitable, upon which to base a contract in the assigned property, and consequently, any contract made in relation thereto is without validity, and cannot be enforced.

APPEAL from the Circuit Court for the county of Linn.

*J. C. Powell* and *J. R. N. Blackburn,* for Appellant.

*J. W. Whalley, W. R. Bilyeu,* and *Wolverton & Irvine,* for Respondent.

Lord, J. —This is a suit in equity originating in a cross-bill to an action of ejectment, to which a demurrer was sustained, and a decree rendered therein, from which this appeal is brought.

Sufficient facts to understand the question raised are these: The plaintiff being indebted on four promissory notes, with one D. B. Monteith as surety, to secure him mortgaged the real property included in this suit. Subsequently D. B. Monteith foreclosed the mortgage, but prior to the sale by the sheriff, the plaintiff and the said Monteith made an agreement to the effect that he was to bid in the property for the amount of the mortgage, which was alleged to have been less than the value of the property, and to hold the same in trust for him, and not to sell any part of it without his consent, and to make payment of his indebtedness in the order stipulated therein, etc.; but at the date of said agreement and the sheriff's sale of said property R. S. Strahan was the assignee in insolvency of the estate of plaintiff, etc. The defendant purchased the same from the said D. B. Monteith.

From this statement it will be seen that at the time of the assignment of his property by the plaintiff to the said Strahan, under the insolvent act, the property involved in this suit was mortgaged to the said D. B. Monteith, and that the agreement alleged to have been made in respect to it was made after the foreclosure proceedings were instituted, but before the sale.

The question involved and to be decided is, Had the plaintiff any such interest in the real property in dispute at the time as authorized or enabled him to make any valid contract, or any contract in respect thereto? Under the insolvent act, by his deed of assignment he conveyed all his property, real and personal, to his assignee, R. S. Strahan, to hold in trust for the payment of the debts to his creditors. The property in dispute being

then mortgaged, his assignee, standing in his shoes, took it subject to the payment of such mortgage. Nor is this controverted, the counsel for the plaintiff candidly admitting, unless his client retained some certain present right of an equitable nature in the property assigned, no case was stated. The real controversy then is as to the effect of a deed of assignment upon the assigned property. All other matters discussed were incidental to and subordinate to this point.

An assignment whereby the debtor conveys all his property for the benefit of his creditors amounts to a complete cession or surrender of his property to his creditors. It operates to vest in the assignee the legal title to the property, but the beneficial interest is in the creditors, the *cestuis-que trust*. He is seised not for himself, but for the creditors, and as a consequence, the moment he is seised, the beneficial, substantial interest passes out of him into them. Necessarily the converse of this proposition must be true as to the assignor's interest in the property assigned. After the assignment he is divested of the legal title to the property assigned, and the only possible interest he can have is wholly uncertain and contingent, and according to the nature of the transaction only results after the payment of the debts, and is confined to such residuum as may remain of the unappropriated property or its proceeds. In a word, until the purposes of the trust are satisfied, the assignor has no legal or equitable rights in the assigned property.

"An assignment," says Mr. Burrell, "is an absolute conveyance, by which both the legal and the equitable estate is divested out of the grantor, but the title vested in the assignee is subject to the uses and trusts in favor of the creditors, and upon their satisfaction a trust results in favor of the assignor in the residue of the unappropriated property or its proceeds." (Burrell on Assignments, sec. 4.)

Again, the same writer says: "It operates to divest the debtor of his entire estate and interest in the property assigned, so that he cannot convey or encumber it by mortgage as against the creditor, and he retains nothing except the equitable and incidental right to discharge the trusts of payment of the debts before sale, and thus entitle himself to a reconveyance of the whole estate, or to claim a reconveyance of the residue remaining unsold after the debts are discharged, or payment of the residue of the proceeds of the sales." (Burrell on Assignments, sec. 298.)

The assignment divests the assignor of his entire estate and interest, and is an absolute appropriation of the property to the payment of the debts.

Said Cooley, J., in *Rodman* v. *Nathan*, 45 Mich. 609: "The assignor had no lien on the property assigned, and neither did he have any special property therein. The assignee was general owner until the trust had been fully performed. When the trust was discharged, the assignor would become entitled to have any surplus restored to him, not because of any special property, but because the resulting trust then restored to him his former rights as general owner." It results, then, that an assignment conveys the entire estate, legal and equitable, to the assignee, and that the assignor has no right, legal or equitable, in the assigned property until the purposes of the trust are satisfied. Apply these principles to the facts presented by this record, and the plaintiff is without any right or interest, legal or equitable, upon which to base a claim to the land in suit, and consequently he can make no binding contract in relation thereto.

Necessarily, then, the alleged contract is without validity, and cannot be enforced, and there was no error in dismissing the cross-bill.

The decree is affirmed.

STRAHAN, J., did not sit in this case.